Daniel, J.
It is very certain, that if the assignment to E. Causey of the said two bonds by M. A. Causey, was for the purpose stated in the plaintiff’s bill, to wit, to hinder, delay and defraud the said M. A. Causey’s creditors, and also enable him by fraud to get the benefit of the insolvent act, it was nevertheless both in law and equity a good and effec *248 tual transfer as againt the assignor and his representatives, although it does not appear that he did take the oath of insolvency; for it, by force of the statute, was only void against credit0i’s of the assignor, Rev. Stat. ch. 50, sec. 1. The plaintiff, although he alleges in his bill that he is a creditor, nevertheless sues as the administrator of M. A. Causey, deceased, and not as a creditor. He therefore stands here in no better a situation as to these bonds than his intestate would, if he were now alive, and the plaintiff in the cause. The •bill must be dismissed as to E. Causey, and Jane S. Causey. And there will be a decree for an account against Kirkman.
Per Curiam, Decree accordingly.